UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| DONNA FLEENOR,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant, | Case No.: 1:19-CV-00277-DCN-REB<br><br>**REPORT AND RECOMMENDATION RE: APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**<br><br>**(Dkt. 2)** |

The undersigned has reviewed Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs" (the "Application") (Dkt. 2). For the reasons set forth below, the undersigned recommends that Plaintiff's Application be denied.

**A.    Standard**

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis ("IFP") status, a plaintiff must submit an affidavit that includes a statement of all assets he or she possesses and that he or she is unable to pay the fee required. *See id*.

The affidavit is sufficient if it states that the plaintiff, because of his or her poverty, cannot "pay or give security for the costs" and still be able to provide [herself] and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

**REPORT AND RECOMMENDATION - 1**

**B.**     **Discussion**

Here, the Application establishes that Plaintiff and her husband are not employed; have no income; have no dependents; and have "been living off of our savings" (approximately $3,300.00).  *See* App., pp. 1-2 (Dkt. 2).  Petitioner's Application further indicates that her household's monthly expenses total approximately $5,829.00.  *See id*. at p. 2.  A significant portion of these expenses, however, reflect ownership of two newer automobiles (a 2017 Toyota Tacoma valued at $29,500.00 and a 2016 Jeep Cherokee valued at $22,000.00) and a newer motorhome (valued at $73,000.00) that, as of the time of her Application, they were "trying to sell."  *Id*. at pp. 1-2.[1]  In the undersigned's mind, such assets do not align with an inability to "pay or give security for the costs" and still be able to provide for the "necessities of life."  *Adkins*, 335 U.S. at 339.  Plaintiff, therefore, does not appear to meet the requirements of 28 U.S.C. § 1915 to proceed without prepayment of fees.  The undersigned understands that Plaintiff's household may be living upon very tight financial means, but the information currently provided to the Court does not support a determination that Plaintiff can properly be excused from paying the court filing fee.

**C.**     **Recommendation**

Because this matter is referred to the undersigned for all matters (Dkt. 15), and because the denial of a motion to proceed in forma pauperis is a dispositive motion (*see Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988)), the undersigned HEREBY RECOMMENDS that Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs" (Dkt. 2) BE DENIED and that Plaintiff be required to pay the filing fee in this case or risk having the matter dismissed for failure to pay the filing fee.

---

[1] It is additionally noted that among Plaintiff's monthly expenses is an estimated $800.00 in groceries – for a household of two.  *See* App., p. 2 (Dkt. 2).

**REPORT AND RECOMMENDATION - 2**

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED: November 27, 2019

_____
Ronald E. Bush
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 3**