UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA F., <br><br> Petitioner, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Respondent. | Case No. 1:19-cv-00277-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION AND BACKGROUND

On May 28, 2012, Petitioner Donna F. ("Petitioner") filed an application for Disability Insurance Benefits with the Social Security Administration. *See* Dkt. 1, at 1. Petitioner's application was denied. After exhausting her administrative remedies, Petitioner sought the Court's review, which affirmed the Commissioner of Social Security's ("Commissioner") decision.[1] Petitioner sought review by the Ninth Circuit Court of Appeals, which reversed and remanded the case back to the Commissioner. *Id*. at 2. The case was then heard in front of Administrative Law Judge ("ALJ") Christopher Inama, who again found Petitioner not disabled. On July 16, 2019, Petitioner sought this Court's review of ALJ Inama's decision. Dkt. 1. The Clerk of the Court randomly assigned the case to United States Magistrate Judge Ronald E. Bush and, upon the filing of a Request for Reassignment (Dkt. 13), reassigned the case to the undersigned. However, pursuant to

---

[1] Magistrate Judge Candy Dale presided over the case in this Court up until this point.

MEMORANDUM DECISION & ORDER – 1

the District of Idaho's standard practice, the undersigned referred the matter back to Judge Bush for proposed findings and recommendations as to disposition. Dkts. 14–15.

On January 10, 2020, Petitioner filed a Motion for Summary Judgment. Dkt. 22. The Commissioner opposed the Motion. Dkt. 23.

On September 8, 2020, Judge Bush issued a Report and Recommendation ("R&R") in this matter recommending that: (1) the Commissioner be affirmed; (2) Petitioner's Motion for Summary Judgment be denied; and (3) this action be dismissed with prejudice and closed. Dkt. 26, at 36. Pursuant to statute, Judge Bush gave the parties fourteen (14) days to file written objections to the R&R. *Id.*; *see* 28 U.S.C. § 636(b)(1). Petitioner filed an Objection to the R&R on September 21, 2020, within the fourteen-day period. Dkt. 27. For the reasons stated below, the Court finds Petitioner's Objection to be meritless. Accordingly, having thoroughly reviewed the R&R, the Court agrees that ALJ Inama followed the Ninth Circuit's order, and therefore accepts and adopts Judge Bush's R&R in its entirety.

## II. DISCUSSION

The Ninth Circuit—in its order reversing and remanding the prior case—found that the ALJ had not performed a thorough analysis of the medical testimony and opinion he was presented with. The Circuit, therefore, remanded for "additional explanation." Dkt. 26, at 3. As noted, ALJ Inama determined (after hearing and considering all available evidence) that Petitioner was not disabled within the meaning of the Social Security Act and denied benefits. *See* Dkt. 27. In her motion for summary judgment, Petitioner argues that ALJ Inama failed to follow the admonition given in the Ninth Circuits' remand in that he did

MEMORANDUM DECISION & ORDER – 2

not perform a proper evaluation. *See* Dkt. 22. Judge Bush rejected this argument and found no error in ALJ Inama's procedures, reasoning, or analysis.

In her Objection to the R&R, Petitioner reiterates her position regarding whether ALJ Inama followed the Ninth Circuit's remand order when evaluating Drs. Theodore Prier and Dave Atteberry's opinions. Dkt. 27, at 4. Petitioner also objects to the R&R arguing the "Magistrate Judge's opinion should be rejected on the basis of the longstanding principle of administrative law and standards for judicial review stating that the reviewing court must focus on reasons and rationale offered by the ALJ, and must not be based upon *post hoc* rationalizations not offered in the agency decision."[2] *Id*. at 2–3 (citing *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009)). Petitioner points to three alleged post hoc rationalizations made in the R&R. First, Petitioner asserts the Court's independent review of the medical record amounted to a post hoc rationalization, saying:

> The Magistrate Judge's decision states that he conducted an "independent review of [Dr. Prier's medical records and the Magistrate Judge found] those records fail to bridge the gap between the two [*i.e.*, Dr. Prier's opinions and the medical records] such that the absence of supporting treatment notes amounts to a specific and legitimate reason for questioning Dr. Prier's opinion." This rationale offered by the Magistrate Judge is not one offered by the ALJ.

Dkt. 27, at 2 (citations omitted).

The Court disagrees. In evaluating Dr. Prier's opinion, ALJ Inama specifically

---

[2] Because this Court adopts the R&R from Judge Bush which addresses whether the ALJ followed the Ninth Circuit's remand order, this Order will not include an analysis on whether the ALJ followed the Ninth Circuit's remand order.

MEMORANDUM DECISION & ORDER – 3

stated Dr. Prier's opinion "is inconsistent with the objective medical evidence, as a whole [sic]." *See* Dkt. 1, at 18. Thus, by conducting an independent review of the record and finding the record "fail[s] to bridge the gap" between Dr. Prier's opinion and the record, this Court was verifying the inconsistency between the two and agreeing with ALJ Inama. Therefore, this was not a post hoc rationalization of the ALJ's treatment of Dr. Prier's opinion, but an investigation into the accuracy of the ALJ's reasoning. Accordingly, Petitioner's first argument that the Court's independent review of the medical record amounted to a post hoc rationalization is unfounded.

Second, although unclear, Petitioner seems to argue that the Court's explanation illustrating Dr. Prier's opinion was unsupported by the record—and using Dr. Kendrick's opinion as evidence of such—amounted to a post hoc rationalization. Dkt. 27, at 3. Specifically, Petitioner takes issue with the Court's view that Dr. Kendrick's opinion was "supported by [Judge Bush's] review of the longitudinal record, as consistent with other provider's opinions . . . ." *Id*. Petitioner continues her argument, saying "the ALJ had said nothing suggesting he had deemed Dr. Kendrick's opinion was consistent with *any* providers opinion . . . ." *Id*. (emphasis in original). Again, the R&R contains the comparison of Dr. Prier's opinion with Dr. Kendrick's opinion, along with the opinions of Drs. Guillermo Rubio, Charles Wolfe, and Lee Robertson, to verify the veracity of the ALJ's analysis that Dr. Prier's opinion is inconsistent with the record as a whole. *See* Dkt. 26, at 12–18. That Judge Bush came to the same conclusion is not surprising nor is it a post hoc rationalization for upholding ALJ Inama's findings. Therefore, Petitioner's argument fails here, as well.

Third and finally, Petitioner maintains the R&R contained another post hoc rationalization when Judge Bush determined that "[T]o the extent Dr. Prier's opinions are driven by Petitioner's own subjective complaints, ALJ Inama rejected them as not credible. An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as not credible." Dkt. 26, at 18 (citations omitted).

Petitioner asserts that "[n]owhere in his decision does the ALJ state that either treating Dr. Prier's or treating neurosurgeon Dr. Atteberry's opinions were based largely upon [Petitioner's] self-reports." Dkt. 27, at 3. This is inaccurate. Although ALJ Inama did not explicitly state the opinions were largely based upon Petitioner's self-reports, he did state that "Dr. Prier diagnosed major depressive disorder and cervicalgia/cervical radiculopathy, with minimal objective exam, signs, or findings reprted [sic] in his own treatment notes." Dkt. 1, at 17. This sentence is directly preceded by ALJ Inama citing legal precedent: "[a]n ALJ also may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as not credible." *Id*. (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). The Court finds it reasonable to conclude ALJ Inama was demonstrating that the lack of evidence in the objective exam, signs, or findings in Dr. Prier's treatment notes tends to indicate Dr. Prier relied more heavily on Petitioner's self-reports than anything else. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (finding that a reviewing court may draw reasonable inferences from an ALJ's discussion of the facts and evidence). Again, that Judge Bush then drew a similar conclusion *is not* an indication of post hoc rationalizing,

MEMORANDUM DECISION & ORDER – 5

but the reality of the facts of this case. Accordingly, Petitioner's argument is without merit.

For the above stated reasons, the Court finds Petitioner's Objection to the R&R (Dkt. 26) is groundless and that the R&R should be adopted in its entirety.

### III. ORDER

IT IS HEREBY ORDERED:

1. The Report and Recommendation entered on September 8, 2020 (Dkt. 26), is INCORPORATED and ADOPTED in its entirety.

2. Petitioner's Motion for Summary Judgment (Dkt. 22) is DENIED.

3. The final decision of the Commissioner is AFFIRMED.

4. This case is DISMISSED with PREJUDICE and CLOSED.

5. The Court will enter a separate judgment in accordance with Civil Rule of Civil Procedure 58 and 42 U.S.C. § 405(g).

DATED: March 22, 2021

David C. Nye
Chief U.S. District Court Judge